

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| REGINALD THOMPSON,<br>          Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, *Acting Commissioner of*<br>*the Social Security Administration*,<br>          Defendant. | §<br>§<br>§<br>§   Civil Action No. 4:20-04509-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING THE DECISION OF DEFENDANT**

This is a Social Security appeal in which Plaintiff Reginald Thompson (Thompson) seeks judicial review of the final decision of Defendant Kilolo Kijakazi (Kijakazi) denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (Act). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court affirm Kijakazi's decision. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on September 30, 2021, Thompson filed his objections to the Report on October 14, 2021, and Kijakazi filed her reply on October 27, 2021. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

On March 27, 2019, Thompson filed his application for DIB and SSI, alleging inability to work since January 1, 2016. Kijakazi denied Thompson's application for DIB and SSI initially and upon reconsideration. Thompson then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on August 19, 2020.

On August 26, 2020, the ALJ issued a decision in which he found Thompson not disabled under the Act. The Appeals Council denied Thompson's request for review of the ALJ's decision on November 12, 2020. Thompson, on December 30, 2020, filed an action for judicial review with the Court.

The Act has, by regulation, reduced the statutory definition of "disability" to a series of five sequential questions to determine if a person is disabled. 20 C.F.R. §§ 404.1520(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment as set forth in the Listings of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix I; (4) whether the impairment(s) prevents the claimant from returning

to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(i)-(v).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  Nevertheless, the ALJ is to develop the record and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  "It is not within the province of [a] court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  In other words, a court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).  Under the substantial evidence standard, a court must view the entire record as a whole.  *See Steurer v. Bowen*, 815 F.2d 1249, 1250 (8th Cir. 1987) (citing Section 405(g)) ("In reviewing a denial of Social Security benefits, [a] court must determine whether substantial evidence on the record as a whole supports the Secretary's decision.").

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).  Put differently, if the ALJ's "dispositive factual

3

findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Thompson's objections are primarily general and conclusory and fail to direct the Court to a specific error in the Report.  *See generally* Reply at 1 (noting Thompson's objections "present essentially the same arguments that he raised in his initial brief in support of summary judgment . . . and response brief[.]").  But the Court, out of an abundance of caution, construes two objections and will review them de novo.

As to the first, Thompson argues the Magistrate Judge erred in recommending substantial evidence supported the ALJ's finding Thompson's primary care doctor's opinion was unpersuasive because it was inconsistent with her treatment records.

The ALJ must consider and evaluate the persuasiveness of opinion evidence by considering the following factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors that tend to support or contradict the opinion.  20 C.F.R. §§ 404.1520c(b), (c), 416.920c(b), (c).  Supportability and consistency are the most important factors to consider, and an ALJ must explain how these factors are considered in the determination or decision.  20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).  Supportability denotes "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation[.]"  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, *5853, 2017 WL 168819 (Jan. 18, 2017).

"[T]he ALJ must both identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  "[T]here is no rigid

requirement that the ALJ specifically refer to every piece of evidence in his decision[.]" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

Here, the Court concludes the ALJ properly evaluated the opinion evidence, and substantial evidence supports his decision. As noted by the Magistrate Judge, "[t]he ALJ found that [Thompson's primary care doctor's] limitation opinions were not persuasive because they contained little explanation as to the conclusions and were inconsistent with her contemporaneous treatment notes[,]" and the "ALJ cited to [numerous] Exhibits [in the administrative record] to support this finding." Report at 11; *see also* ALJ Decision A.R. at 24 (noting Thompson's primary care doctor's "opinion consists of fill-in-the-blank and check-box forms with little explanation of her conclusions" and her "opinion is inconsistent with her own treatment notes.").

Substantial evidence exists to support the ALJ's conclusion Thompson was not disabled under the Act during the relevant time period, and the ALJ's decision is free from reversible legal error. At bottom, the ALJ "identif[ied] evidence that supports his conclusion and 'buil[t] an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (citing *Monroe*, 826 F.3d at 189). Furthermore, the determination is reasonable. Accordingly, the Court will overrule this objection.

Turning to Thompson's second objection, he avers the Magistrate Judge, in reviewing the treatment records the ALJ considered, discussed them in greater detail than the ALJ. Thus, according to Thompson, the Magistrate Judge engaged in post hoc rationalizations.

This argument is meritless. As noted by Kijakazi, "[t]he scope of judicial review in a social security case includes both the Commissioner's decision and the administrative record[,]" and the "[M]agistrate [J]udge . . . was allowed to review the entire administrative record to determine

5

whether substantial evidence supported the ALJ's decision." Reply at 2. Consequently, "to the extent that the [M]agistrate [J]udge discussed additional portions of [Thompson's primary care doctor's] treatment records as evidence in support of the ALJ's decision, his review was consistent with the scope of review under 42 U.S.C. § 405(g)." *Id.* The Court agrees with this sound legal reasoning. Accordingly, this objection will be overruled, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Thompson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Kijakazi's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 27th day of December 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE